UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN LUSK,<br><br>                     Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                     Defendant. | Case No. 3:13-cv-05341-KLS<br><br>ORDER AFFIRMING DEFENDANT'S<br>DECISION TO DENY BENEFITS |

Plaintiff has brought this matter for judicial review of defendant's denial of his application for disability insurance benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On May 13, 2010, plaintiff filed an application for Title II disability insurance benefits, alleging disability beginning April 15, 2010, due to back and neck impairments. See Administrative Record ("AR") at 165. Plaintiff's application was denied upon initial administrative review and on reconsideration. See AR 87-89, 92-94. A hearing was held before an administrative law judge ("ALJ") on December 14, 2011, at which plaintiff, represented by counsel, appeared and testified, as did Marilyn Thomas, a vocational expert. See AR 33-76.

ORDER - 1

On February 7, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 18-32. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on April 11, 2013, making the ALJ's decision defendant's final decision. See AR 1-4; see also 20 C.F.R. § 404.981, § 416.1481. It does not appear from the record that the Appeals Council assumed jurisdiction of the case. See 20 C.F.R. § 404.984. The ALJ's decision therefore became defendant's final decision after sixty days. Id. On May 6, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. No. 1. The administrative record was filed with the Court on July 9, 2013. See Dkt. No. 8. The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Although plaintiff identifies four errors in the issue section of his opening brief, plaintiff argues only two of these issues with specificity. See Carmickle v. Commissioner of Social Sec. Admin., 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (issue not argued with specificity in briefing will not be addressed); Paladin Associates., Inc. v. Montana Power Co., 328 F.3d 1145, 1164 (9th Cir. 2003) (by failing to make argument in opening brief, objection to district court's grant of summary judgment was waived); Kim v. Kang, 154 F.3d 996, 1000 (9th Cir.1998) (matters on appeal not specifically and distinctly argued in opening brief ordinarily will not be considered). Only the issues argued with specificity are addressed below.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further administrative proceedings, because the ALJ erred: (1) in evaluating plaintiff's severe impairments; and (2) in evaluating the medical opinion evidence in the record. For the reasons set forth below, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds that defendant's decision should be affirmed.

ORDER - 2

DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Sec'y of Health and Human Serv., 839 F.2d 432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)).[1]

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by

ORDER - 3

I.      The ALJ's Step Two Determination

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520.  At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520.  An impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1.  Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b); SSR 85- 28, 1985 WL 56856 *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988).  If a claimant's impairments are "not severe enough to limit significantly the claimant's ability to perform most jobs, by definition the impairment does not prevent the claimant from engaging in any substantial gainful activity." Bowen v. Yuckert, 482 U.S 137, 146 (1987).

Plaintiff has the burden of proving that his "impairments or their symptoms affect his ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).  The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen, 80 F.3d at 1290.

---

substantial evidence, the courts are required to accept them.  It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence.  While the court may not try the case de novo, neither may it abdicate its traditional function of review.  It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational.  If they are . . . they must be upheld.

Sorenson, 514 F.2dat 1119 n.10.

ORDER - 4

Plaintiff argues that the ALJ erred in finding his migraine headaches not severe. Dkt. No. 10, p 5. Specifically, plaintiff argues that the ALJ applied the incorrect legal standard in finding Plaintiff's migraines did not meet the 12 month durational requirement. Id. The ALJ found plaintiff's migraines not severe because they appeared "to be episodic in nature, happening only a limited number of times each year." AR 24. The ALJ further noted that plaintiff's migraines had not lasted nor were they expected to last for a *continuous* 12 months, therefore, they were not severe. AR 24 (emphasis added).

The Court notes that plaintiff bears the burden to establish the existence of a severe impairment that prevented performance of substantial gainful activity and that this impairment lasted for at least twelve continuous months. 20 C.F.R. §§ 404.1505(a), 404.1512; Bowen, 482 U.S at 146; see also Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998) (citing Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995)). Any impairment that does not last continuously for twelve months does not satisfy the requirement. 20 C.F.R. §§ 404.1505(a), 404.1512; Roberts, 66 F.3d at 182.

Plaintiff failed to meet his burden of proving that his migraines prevented him from performing substantial gainful activity. See Edlund, 253 F.3d at 1159-60; Tidwell, 161 F.3d at 601. As the ALJ points out, plaintiff's migraine headaches were episodic. AR 386, 392, 397, 458. Plaintiff testified he had five migraine headaches in the year prior to the ALJ hearing. AR 67. When he was working, plaintiff left work four or five times a year due to migraines. AR 67. There is no indication that plaintiff's migraines increased in frequency after he stopped working. Similarly, plaintiff's migraines did not occur frequently enough to impact his ability to perform basic work activities. An impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work activities. 20 C.F.R. §§ 404.1521(a). The level of

ORDER - 5

absenteeism caused by plaintiff's migraines did not prevent plaintiff from successfully performing his prior work as a maintenance supervisor. For these reasons, Plaintiff's migraine headaches are not a severe impairment.

II.     The ALJ's Evaluation of the Medical Opinion Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Comm'r, Soc. Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can

ORDER - 6

only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31.  However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original).  The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830.  On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Comm'r, Soc. Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).  An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31.  A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Plaintiff argues the ALJ erred by failing to address the medical opinion evidence of his treating physicians Simon Ashworth, DO, and Murray Rouse, DO.  Dkt. No. 10, pp 6-7.  Plaintiff further argues that the ALJ erred in giving great weight to the opinion evidence of State agency physician Robert Hoskins, M.D.

A.      Simon Ashworth, D.O.

Dr. Ashworth is an emergency room physician at St. Clare Hospital who treated plaintiff on one occasion in January 2011 for a migraine headache. See AR 383-420.  Plaintiff attributes

ORDER - 7

treatment at subsequent emergency room visits to Dr. Ashworth as well.  Dkt. No. 10, p 6.  AR 458, 424, 427, 429-431.  However, a review of these records reveals that Dr. Ashworth did not treat plaintiff during these subsequent visits.  More importantly, plaintiff fails to point to any <u>opinion</u> evidence in these records that can be reasonably attributed to Dr. Ashworth or any other source.  The ALJ committed no error in his assessment of Dr. Ashworth's evidence.

  B. <u>Murray Rouse, D.O.</u>

Dr. Rouse is a family practice physician who treated plaintiff at Group Health Cooperative from 2009-2010, prior to plaintiff's alleged onset date while plaintiff was still working at the Emerald Queen Casino as a maintenance supervisor and for a short time after plaintiff was released from this work.  <u>See</u> AR 201-11, 216-19, 224-27.  In April 2009, Dr. Rouse wrote: "Steve comes in today because of twisting his back… when he was trying to start an 8-horsepower rototiller… He realizes that he should not be doing this sort of pulling or torquing.  Continues to work at the Emerald Queen Casino doing maintenance on the slot machines.  He feels that his is fit for that duty." AR 206.

Plaintiff is correct in his assertion that the ALJ should have discussed Dr. Rouse's opinion that plaintiff should refrain from the sort of pulling or torquing associated with starting a rototiller.  The record supports that plaintiff's back impairment that was aggravated by this activity, one which he apparently did not engage in frequently and was a higher level of activity than demanded by his work at the casino.  Plaintiff's treating physician reasonably advised him to refrain from such activities.  AR 206.  The record supports that plaintiff was able to continue his work as a maintenance supervisor during this flare.

Plaintiff fails to prove that he was harmed by this error.  "[H]armless error principles apply in the Social Security context." <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012).

ORDER - 8

Plaintiff has the burden of establishing the asserted error resulted in actual harm. See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights," which is to say, not merely his procedural rights.") (citing Shinseki v. Sanders, 556 U.S. 396, 407-09 (2009)). See Batson v. Comm'r, Soc. Sec. Admin., 359 F.3d 1190, 1197 (9th Cir. 2004) (applying harmless error standard); Curry v. Sullivan, 925 F.2d 1127, 1131 (9th Cir. 1990) (holding ALJ committed harmless error).

At the ALJ hearing, plaintiff's attorney posed a vocational hypothetical that was identical to the ALJ's residual functional capacity assessment but for the additional limitations of "never climbing ladders, ropes or scaffolds, occasionally climbing stairs or ramps, no lifting from the floor and no twisting, turning, kneeling, crouching or stooping.  As well as the need for only simple repetitive tasks to be performed and the individual to exercise limited judgment making." AR 73.  In response to this hypothetical, the vocational expert testified that the hypothetical individual would be able to work as a storage facility rental clerk, mail clerk and photo machine operator.  AR 73-74.   The ALJ decision contained an alternate step five finding that plaintiff could perform work as a storage facility rental clerk, mail clerk and photo machine operator.  AR 28-29.

Had the ALJ included limitations related to twisting and turning consistent with Dr. Rouse's opinion, the ALJ would have reached the same nondisability finding.  An error is harmless only if it is non-prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006); see also Molina, 674 F.3d at 1115; Parra v. Astrue, 481 F.3d 742, 747 (9th Cir. 2007). For this reason, the ALJ's failure to include these limitations in the residual functional capacity

ORDER - 9

was harmless.

C. <u>State Agency Physician Robert Hoskins, M.D.</u>

Plaintiff argues that the ALJ erred by giving more weight to the opinion evidence of State agency physician Robert Hoskins, M.D., than to the opinions of Drs. Rouse or Ashworth. Dkt. No. 10, p 7. According to Social Security Ruling 96-6p, State agency medical consultants, while not examining doctors, "are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p, 1996 WL 374180 at *2. The opinion of a non-examining State agency physician "may constitute substantial evidence when it is consistent with other independent evidence in the record." <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1149 (9th Cir. 2001) (citing <u>Magallanes v. Bowen</u>, 881 F.2d 747,752 (9th Cir. 1989).

The ALJ gave great weight to the opinion of Dr. Hoskins because it was supported by Dr. Hoskins review of the medical records, plaintiff's reported activities—including lifting cases of soda and gallons of milk, gardening, standing to cook and doing basic vehicle maintenance— and by medical imaging indicating mild degenerative disc disease. AR 27.

As discussed in the previous section, Dr. Ashworth provided no opinion evidence regarding plaintiff's limitations. Although the ALJ failed to include the limitations opined by Dr. Rouse, these limitations were inconsequential to the ALJ's ultimate nondisability determination. The reasons offered by the ALJ for giving great weight to the opinion evidence of Dr. Hoskins are supported by substantial evidence in the record. <u>Tonapetyan</u>, 242 F.3d at 1149; <u>Lester v. Chater</u>, 81 F.3d 821, 830-31 (9th Cir. 1996). The ALJs assessment of Dr. Hoskins' medical opinion is affirmed.

ORDER - 10

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled. Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 17th day of April, 2014.

Karen L. Strombom
United States Magistrate Judge